## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**MANUEL PLAISANCE (#196480)**                              **CIVIL ACTION**

**VERSUS**

**LOUISIANA STATE PENITENTIARY, ET AL.**            **NO. 08-0497-JVP-CN**

<u>NOTICE</u>

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have ten (10) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein.  Failure to file written objections to the proposed findings, conclusions, and recommendations within 10 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in chambers in Baton Rouge, Louisiana, July 9, 2009.

**MAGISTRATE JUDGE CHRISTINE NOLAND**

**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

MANUEL PLAISANCE (#196480)                          CIVIL ACTION

VERSUS

LOUISIANA STATE PENITENTIARY, ET AL.               NO. 08-0497-JVP-CN

<u>MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION</u>

This matter comes before the Court on the defendants motion for summary judgment and motion to dismiss, rec.doc.no. 21. These motions are opposed.[1]

The pro se plaintiff, an inmate confined at the Louisiana State Penitentiary ("LSP"), Angola, Louisiana, brought this action pursuant to 42 U.S.C. § 1983 against numerous prison officials, complaining that the defendants have violated his constitutional rights by retaliating against him in numerous respects, all in response to his use of the prison administrative grievance procedures. Specifically, the plaintiff asserts that the defendants have taken actions in the form of interference with his legal and personal mail, deliberate medical indifference, physical and verbal abuse and harassment, false disciplinary reports, deprivation of his legal and personal property and excessive force.

Addressing first the motion for summary judgment, the defendants assert, relying upon the affidavit of Rhonda Z. Weldon and the record of the plaintiff's administrative remedy proceedings, that the plaintiff has failed to exhaust administrative remedies relative to his claim(s). In this regard, pursuant to 42 U.S.C. § 1997e, the plaintiff was required to

---

[1]   By Order dated June 12, 2009, pursuant to Rule 56 of the Federal Rules of Civil Procedure, the Court converted the defendants' motion to dismiss into a motion for summary judgment relative to the issue of exhaustion of administrative remedies relative to 42 U.S.C. § 1997e. <u>See</u> rec.doc.no. 26.

exhaust administrative remedies available to him prior to the institution of suit in federal court relative to prison conditions.  This provision is mandatory and allows for no exceptions.  Further, pursuant to well-established legal principles, summary judgment is appropriate where there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law.  Rule 56, Federal Rules of Civil Procedure.  Supporting affidavits must set forth facts which would be admissible in evidence.  Opposing responses must set forth specific facts showing that there is a genuine issue for trial. Rule 56(e), Federal Rules of Civil Procedure.

From a review of the defendants' exhibits, it appears that the plaintiff attempted to commence an administrative grievance on or about September 17, 2007.  In this grievance, he asserted that, after filing a grievance complaining of a failure of pill call personnel to provide him with medication, and after refusing a request by prison officials to drop this grievance, he was retaliated against in numerous ways, including no fewer than eleven (11) incidences of failing to deliver his legal mail, issuing a false disciplinary report, discontinuing his medication, opening his legal mail, tampering with his food, labeling him a "snitch", refusing to bring him his stored property, and refusing to allow him to purchase legal supplies from the prison commissary.  This grievance was rejected by the prison administration because it contained "multiple complaints" in violation of prison rules.  It does not appear that the plaintiff thereafter sought to appeal this rejection to a higher administrative level, sought to resubmit his grievance in proper form, or sought judicial review in state court.  It appears clear, therefore, that the plaintiff has failed to exhaust his administrative remedies relative to the claims

asserted in this proceeding and that his lawsuit is therefore subject to dismissal for this reason.[2]

Finally, in light of the Court's determination that this civil action is subject to dismissal for failure to exhaust administrative remedies, the Court need not address the substantive issues raised in the defendants' pending motion to dismiss.

RECOMMENDATION

It is recommended that the defendants' motion for summary judgment, rec.doc.no. 21, be granted, dismissing the plaintiff's claims for failure to exhaust administrative remedies as mandated by 42 U.S.C. § 1997e.  It is further recommended that the defendants' motion to dismiss be denied as moot, and that this action be dismissed.

Signed in chambers in Baton Rouge, Louisiana, July 9, 2009.

**MAGISTRATE JUDGE CHRISTINE NOLAND**

---

[2]    The plaintiff asserts that, because prison officials have rejected his grievance, he can proceed no further and has therefore exhausted available administrative remedies.  The law is clear, however, that a prisoner must exhaust his administrative remedies by complying with applicable prison grievance procedures before filing a suit related to prison conditions.  Johnson v. Johnson, 385 F.3d 503 (5th Cir. 2004). Not only must the prisoner exhaust all available remedies, but such exhaustion must be proper, including compliance with an agency's deadlines and other critical procedural rules.  Woodford v. Ngo, 548 U.S. 81, 126 S.Ct. 2378, 165 L.Ed.2d 368 (2006).